# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5801 | **DATE** | 12/1/2004 |
| **CASE TITLE** | Torress vs. Wellness Intl | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, we vacate our denial of defendants' motion to compel arbitration, grant the motion to compel arbitration and grant the motion to dismiss. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | 34 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROSEE TORRES; OUSSAMA and )
GHINA JAMMAL; ELIAS and RAIDA )
ABUELIZAM; PRATIMA J. )
MUZUMDAR; TRANQUIL PASSAGE )
LLC; ABDUL and SHAHEEN RASHID; )
WAQAR and SHAFQUT KHAN; )
McERLEAN-CAREY; MAHMOUD )
YASSIN and TAGHREED NASSAR; )
ALI S. and NABILAH SALEH; and )
HAMID and MAIMOONA KHAN, )
)
        Plaintiffs, )
)
    v. )    No. 02 C 5801
)
)
WELLNESS INTERNATIONAL )
NETWORK, LTD., A/K/A WIN; WIN )
NETWORK, INC.; RALPH OATS; )
CATHY OATS; and SHERI )
MATTHEWS, )
)
        Defendants. )

DOCKETED
DEC 0 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendants' motion to compel arbitration

and motion to dismiss. For the reasons stated below, we vacate our denial of

Defendants' motion to compel arbitration, grant the motion to compel arbitration,

1



and grant the motion to dismiss.

## BACKGROUND

Plaintiffs entered into agreements with Defendants to sell Defendants' health and personal care products. Plaintiffs allege that Defendants' business was actually an illegal pyramid scheme and that Defendants engaged in fraud. Plaintiffs brought the instant action seeking to have their agreements with Defendants declared null and void as contrary to Illinois law and public policy, and to recover for loss and damage to Plaintiffs' businesses and property. On October 20, 2003, Defendants filed a motion to compel arbitration, asserting that the agreements signed by Plaintiffs contained a clause that provided that disputes between Plaintiffs and Defendants would be referred to arbitration. On October 23, 2003, we denied the motion to compel arbitration. Defendants appealed the ruling and on November 7, 2003, Defendants moved to stay this action pending the appeal. On December 4, 2003, we denied the motion to stay, finding that the action should not be stayed because Defendants had a motion to dismiss for improper venue pending at the time that the motion to compel arbitration was filed. (12/4/03 ruling p. 2-3). On appeal the Seventh Circuit remanded the case back to this court and ordered the court to vacate the denial of Defendants' motion to compel arbitration and to "order arbitration on those claims subject to arbitration." *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 727 (7th Cir. 2004).

## DISCUSSION

The parties agree that seven of the Plaintiffs' claims are subject to arbitration and therefore should be ordered to arbitration. Therefore, we order to arbitration the claims of: 1) Rosee Torres, 2) Peggy Carey, 3) Oussama and Ghina Jammal, 4) Ali and Abida Jammal, 5) Mahmoud Yassin and Taghreen Nassar, 6) Abdullatif and Nabilah Saleh, and 7) Hamid and Maimoona Khan.

## I. Abuelizam Claims

In regards to the claims brought by Plaintiffs Elias and Raida Abuelizam ("Abuelizam claims"), Plaintiffs argue that the Abuelizam claims involve more than $100,000 and are therefore exempt from the arbitration provision. Plaintiffs argue that the Abuelizam claims are worth $90,000 in damages and that Plaintiffs' attorneys will receive a twenty-five percent contingency fee. On appeal the Seventh Circuit clearly stated that "only those plaintiffs with claims less than $100,000 must be compelled to arbitrate" and that "[a]ccording to the complaint, the majority of plaintiffs have such claims" and that "the plaintiffs plead that 8 of the 11 claims are for damages of less than $100,000." *Id.* The Abuelizam claims would be included in the Seventh Circuit's computation of "8 of the 11 claims" and Plaintiffs' contention that only 7 of the 11 claims are subject to arbitration is inconsistent with the Seventh Circuit's ruling. In fact Plaintiffs specifically argued in their reply brief

before the Seventh Circuit on appeal that "Elias and Raida Abuelizam, had lost investments of $90,000 . . .; even allowing for minor attorneys' fees and costs, they easily satisfy the $100,000 exclusion figure." (App. Reply. 15). However, even after Plaintiffs' argument was made, the Seventh Circuit issued its ruling, finding that "8 of the 11" claims are plead for less than $100,000. *Sharif*, 376 F.3d at 727.

The Seventh Circuit also found on appeal that Plaintiffs' attempts to artificially raise the claims above the $100,000 amount were improper noting that the legal certainty test is not the proper test and noting that the Plaintiffs could not aggregate their claims to meet the amount in question. *Id.* We also note that Defendants assert that typically a contingency fee is based upon the total recovery on the Abuelizam claims and that Plaintiffs' attorneys would be paid out of the total $90,000 recovered. Plaintiffs have not sought to file a sur-reply to contest this fact. Therefore, we order the Abuelizam claims to arbitration.


II. Remaining Claims

Defendants argue that this court should dismiss the remaining three claims of Plaintiffs that have allegedly sustained damages of more than $100,000. Defendants argue that for the Plaintiffs bringing the remaining three claims there was a forum selection clause in the Associate Agreements signed by Plaintiffs providing that disputes would be addressed in Texas. The Seventh Circuit has held that where a forum selection clause specifies venue with "mandatory or obligatory language," the

clause is a mandatory forum selection clause, limiting litigation to the designated venue. *Paper Express Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th Cir. 1992). However, if the clause instead merely refers to "jurisdiction," it is generally not mandatory unless some further language expresses "the parties' intent to make venue exclusive." *Id.*

In the Associate Agreements signed by plaintiffs, the forum selection clause stated the following: "Jurisdiction and venue over any disputes arising out of this agreement shall be proper only in the federal or state courts in Dallas County, Texas." (Agr. Par. 24). Such language clearly indicates that the clause is mandatory and that it provides for exclusive jurisdiction in Texas courts.

Plaintiffs argue that the forum selection clause should not be interpreted as mandatory because of language in the consent-to-personal jurisdiction clause in the Distribution Agreements signed by Plaintiffs that refers to "non-exclusive jurisdiction." However, as Defendants correctly point out the consent-to-personal jurisdiction and venue clauses serve different purposes and the consent-to-personal jurisdiction clause in the Distribution Agreements in no way detract from the clear and express statement in the forum selection clause that all actions will be brought in Dallas, Dallas County, Texas. *See CIT Group/Credit Finance Inc. v. Lott,* 1993 WL 157617, at *1 (N.D. Ill. 1993)(upholding forum selection clause despite the fact that in regards to personal jurisdiction the agreement stated that the "Guarantor hereby irrevocably submits and consents and to the non-exclusive jurisdiction of the state

and federal courts. . . ."). Therefore, we grant Defendants' motion to dismiss the remaining three claims of Plaintiffs that have allegedly sustained damages of more than $100,000.

## CONCLUSION

Based on the foregoing analysis, we vacate our denial of Defendants' motion to compel arbitration, grant the motion to compel arbitration, and order certain claims to arbitration as indicated above. We also grant Defendants' motion to dismiss the remaining three claims of Plaintiffs that have allegedly sustained damages of more than $100,000.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:  December 1, 2004