IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD and SOUZAN SHARIF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 02 C 3047 |
| | ) | |
| WELLNESS INTERNATIONAL NETWORK, LTD., A/K/A WIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ROSEE TORRES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 02 C 5801 |
| | ) | |
| WELLNESS INTERNATIONAL NETWORK, LTD., A/K/A WIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, we deny the motion for reconsideration in its entirety.

1

## BACKGROUND

Plaintiffs entered into agreements with Defendants to sell Defendants' health and personal care products. Plaintiffs allege that Defendants' business was actually an illegal pyramid scheme and that Defendants engaged in fraud. Plaintiffs brought the instant action seeking to have their agreements with Defendants declared null and void as contrary to Illinois law and public policy, and to recover for loss and damage to Plaintiffs' businesses and property. On October 20, 2003, Defendants filed a motion to compel arbitration, asserting that the agreements signed by Plaintiffs contained a clause that provided that disputes between Plaintiffs and Defendants would be referred to arbitration. On October 23, 2003, we denied the motion to compel arbitration and Defendants appealed the ruling.

On appeal the Seventh Circuit reversed this court, remanded the case back to this court, and ordered the court to vacate the denial of Defendants' motion to compel arbitration and to "order arbitration on those claims subject to arbitration." *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 727 (7th Cir. 2004). On December 1, 2004, we vacated our denial of Defendants' motion to compel arbitration, granted Defendants' motion to compel arbitration, and granted Defendants' motion to dismiss. Plaintiffs have filed the instant motion seeking a reconsideration of the December 1, 2004, rulings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court...." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

### I. Appropriate Motion for Reconsideration Standard

Defendants argue that Plaintiffs did not file their motion for reconsideration in a timely manner and therefore, Plaintiffs will need to proceed pursuant to Federal Rule of Civil Procedure 60(b) rather than Federal Rule of Civil Procedure 59(e). If a

3

party does not file the motion for reconsideration within ten business days "after entry of judgment[, it] automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)(quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)); *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)(holding that "motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)."). Defendants contend that Plaintiffs did not file their motion for reconsideration until after ten days after the entry of judgment in this action. However, Defendants fail to recognize that the ten day limitations period is ten business days because pursuant to Federal Rule of Civil Procedure 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Defendants also incorrectly concluded that judgment was entered in this action on December 1, 2004. The official court record indicates that although the court issued its memorandum opinion on December 1, 2004, judgment was not entered in this action until December 2, 2004. Plaintiffs filed their motion for reconsideration on December 16, 2005, which is exactly 10 business days after the entry of judgment. Therefore, Plaintiffs are entitled to proceed pursuant to Federal Rule of Civil Procedure 59(e).

I. Terms of Agreements Signed by Certain Plaintiffs

4

Plaintiffs first argue that this court should reconsider its ruling because the agreements signed by some of the Plaintiffs did not contain the precise language referred to by the court in its prior ruling. In our prior ruling, we granted Defendants' motion to dismiss the remaining three claims of Plaintiffs that have allegedly sustained damages of more than $100,000. In making our ruling, we noted that in the Associate Agreements signed by plaintiffs, the forum selection clause stated the following: "Jurisdiction and venue over any disputes arising out of this agreement shall be proper only in the federal or state courts in Dallas County, Texas." (Agr. Par. 24). We held that such language clearly indicates that the clause is mandatory and that it provides for exclusive jurisdiction in Texas courts.

Plaintiffs now contend that the agreements signed by some of Plaintiffs did not contain the above quoted forum selection clause. Plaintiffs admit in their motion for reconsideration that they made an error in the representations that they made to the court concerning the terms of the agreements signed by some of Plaintiffs. (Recon. 4 n.5). We cannot be certain as to which Plaintiffs are the subject of Plaintiffs' motion for reconsideration since Plaintiffs make vague references to the agreements signed by "the Rashid and Khan plaintiffs." (Recon. 1, 2). Although, it is not entirely clear, it appears that Plaintiffs are referring to Abdul Rashid and Shaheen Rashid. It also appears that Plaintiffs are referring to Waqar Kahn, and Shafqut Kahn, although the reference to the "Khan plaintiffs" might also refer to Hamid Kahn and Maimoona Kahn who signed a separate agreement. (Recon. 1, 2).

Plaintiffs argue that "the Rashid and Khan plaintiffs" signed an agreement that is separate from the one signed by other Plaintiffs. (Recon. 1, 2). However, the official record does not match up with the revelations that Plaintiffs now present to the court regarding the terms of the agreements each Plaintiff signed. Plaintiffs argue that the court was confused regarding the terms of the agreements signed by each Plaintiff, but the official record and Plaintiffs' own briefs filed in this action unequivocally show that it is Plaintiffs that are not being consistent and clear.

For instance, Plaintiffs now contend that neither Abdul Rashid nor Shaheen Rashid signed an agreement with the above quoted forum selection clause and Plaintiffs point as evidence of the agreement signed by Abdul Rashid and Shaheen Rashid to Exhibit 1 of Plaintiffs' response to Defendants' memorandum regarding the arbitrability of Plaintiffs' claims ("Exhibit 1"). However, the official record in this action also contains the original complaint filed by Plaintiffs on August 15, 2002, in case number 02 C 5801 which is now consolidated in this action with case number 02 C 5801. Attached to the original complaint, as Exhibit 1(I) is an agreement signed by Abdul Rashid and Shaheen Rashid. The second page of this document contains the precise language of the forum selection clause that is quoted above, which Plaintiffs now claims was not in the agreement signed by Abdul Rashid and Shaheen Rashid. A review of the documents included as Exhibit 1(I) to the original complaint and Exhibit 1 to Plaintiffs' response to Defendants' memorandum regarding the arbitrability of Plaintiffs' claims, reveals that the first

pages of the two documents are the same page with the same handwritten information on them, but that the second pages for each document are not the same. One document contains a second page with the above quoted forum selection clause and one document does not contain the clause. Although the original complaint has been incorporated into a consolidated complaint, the Exhibits attached to the original complaint are still part of the official record and there is nothing in the official record that explains the mysterious transformation of the agreement signed by Abdul Rashid and Shaheen Rashid as these proceedings progressed.

Plaintiffs also contend that "the Kahn plaintiffs" did not sign an agreement with the above venue selection clause. If Plaintiffs are referring to Waqar Kahn and Shafqut Kahn, there is another inconsistency in the official record filed by Plaintiffs. A review of Exhibit 1(H) attached to the original August 15, 2002, complaint reveals that the first page of the document signed by Waqar Kahn and Shafqut Kahn is identical to Exhibit 1 of Plaintiffs' response to Defendants' memorandum regarding the arbitrability of Plaintiffs' claims, but that the second page of Exhibit 1H is not the same as the second page now included in Exhibit 1. One document includes the above quoted forum selection clause on the second page and one document does not. If, on the other hand, Plaintiffs intend by their reference to "the Kahn plaintiffs" to refer to Hamid Kahn and Maimoona Kahn, Exhibit 1J of the consolidated complaint contains an agreement signed by them and the agreement includes the above quoted forum selection clause.

Finally, in Plaintiffs' response to Defendants' memorandum regarding the arbitrability of Plaintiffs' claims, Plaintiffs represented to the court, when referring to the above quoted forum selection clause, that Abdul Rashid, Shaheen Rashid, Waqar Kahn, and Shafqut Kahn signed the same agreement as Plaintiffs Richard Sharif and Souzan Sharif. (Ans. 3 n.2). This representation to the Court was a further indication to the court by Plaintiffs that Abdul Rashid, Shaheen Rashid, Waqar Kahn, and Shafqut Kahn signed an agreement with the above quoted forum selection clause since Plaintiffs have indicated since the inception of the litigation, and still acknowledge in their motion for reconsideration, that Richard Sharif and Souzan Sharif signed an agreement with the above quoted forum selection clause. Plaintiffs now make the following admission in a footnote in their motion for reconsideration: "In footnote 2 we stated that the Sharifs signed the same agreement as the Rashids and Khans. That was an error. The Sharifs signed the Associate Agreement." (Recon 4 n. 5). Thus, although Plaintiffs now stand accusing the Court of making a manifest error in regards to the terms of the agreements signed by the above mentioned Plaintiffs, Plaintiffs have now hidden away in a footnote an admission of their error. It was Plaintiffs' obligation to present the correct facts to the court and the court ruled upon the facts presented. It is now too late for Plaintiffs to attempt to engage in a wholesale revision of Plaintiffs' past filings and get a second opportunity to respond to Defendants' motion to dismiss.

We also note that even if Plaintiffs are correct as to their current version of the

terms signed by the above named Plaintiffs and Plaintiffs' prior representations were inaccurate, the language alleged by Plaintiffs in their latest version of the agreements contains language indicating that the proper venue "shall be proper" in Dallas County, Texas. (Agr. Par. 19). The reference in the clause to "non-exclusive jurisdiction" is merely surplusage and does not overcome the clearly mandatory language set forth in the clauses.

## II. Regurgitation of Prior Arguments

Plaintiffs include within their motion for reconsideration several arguments that they previously presented to the court. As indicated above, a motion for reconsideration is not the proper vehicle to present the same arguments to the court and see if the court will change its mind the second time around. *Moro,* 91 F.3d at 876. Plaintiffs disguise the fact that they are simply bombarding the court with many of the same arguments by contending that the court "apparently overlooked" some of Plaintiffs' arguments that were included in Plaintiffs' response to Defendants' memorandum regarding the arbitrability of Plaintiffs' claims. (Recon.4) However, the court did not overlook any of Plaintiffs' arguments previously presented to the court. We found none of the arguments presented in Plaintiffs' response to Defendants' memorandum regarding the arbitrability of Plaintiffs' claims to be persuasive. The arguments now presented to the court in Plaintiffs' motion for reconsideration are not any more meritorious than they were before when presented

to the court. Therefore, we deny Plaintiffs' motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion for reconsideration in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2005